UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PHILLIP EUGENE DEMRY,<br><br>Plaintiff,<br><br>v.<br><br>GRESSER COMPANIES,<br>C25 CONSTRUCTION,<br>MORTENSON CONSTRUCTION, and<br>THOR CONSTRUCTION,<br><br>Defendants. | Civil No. 12-860 (JRT/JSM)<br><br>**SUPPLEMENTAL<br>REPORT AND RECOMMENDATION** |

Plaintiff commenced this action in April 2012, by filing a pro se civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court found Plaintiff's complaint to be grossly inadequate, and informed him that he would have to file an amended complaint if he intended to continue his lawsuit. (See Order dated April 9, 2012, [Docket No. 3].) The Court's order set forth several specific pleading requirements that Plaintiff would have to satisfy if he elected to file a new complaint and proceed with this case. The order also expressly informed Plaintiff that this action would be subject to dismissal if he did not file a new and satisfactory complaint by May 10, 2012. At Plaintiff's request, that deadline was later extended to June 11, 2012. (See Order dated May 2, 2012, [Docket No. 6].) As of June 18, 2012, Plaintiff still had not filed an amended complaint, so the Court entered a Report and Recommendation, ("R&R"), which recommended that this action be summarily dismissed, without prejudice, for failure to prosecute. (See R&R dated June 18, 2012, [Docket No. 8].)

Plaintiff responded to the R&R by writing a letter to the Court, (Docket No. 9), which was construed to be a request for additional time to file objections to the R&R. On July 7,

2012, the District Court Judge entered an order that gave Plaintiff until July 30, 2012, to file objections to the R&R. (Docket No. 10.) The deadline for filing objections was later extended to August 10, 2012. (See Order dated July 27, 2012, [Docket No. 12].)

The twice-extended deadline for filing objections to the Court's previous Report and Recommendation has now expired, and Plaintiff still has not filed any such objections. However, Plaintiff recently filed two new documents that are labeled "Amended Complaint." (Docket Nos. 13 and 14.) The Court has reviewed Plaintiff's two new complaints to see whether they comply with the pleading requirements prescribed by the initial order that was entered in this case back on April 9, 2012. It is readily apparent that Plaintiff has failed to comply with the prior order, and as a result, he still has not plead any actionable claim for relief in this case.

The Court's prior order directed Plaintiff to "set forth the factual and legal bases for his claims in a clear, complete and comprehensible fashion." He has not done that. Both of Plaintiff's new pleadings are confusing, incomplete, and barely comprehensible. Plaintiff was cautioned that "[v]ague accusations will not suffice," and yet that is all he has pleaded in his new submissions. The prior order also required that "[a]ll allegations must be presented in complete sentences and paragraphs, and each paragraph must be serially numbered." However, Plaintiff has not complied with even this straightforward stylistic requirement. Finally, Plaintiff was told that his amended complaint "must present a clear and comprehensive description of what, specifically, each individual Defendant actually did (or failed to do) that allegedly violated Plaintiff's federally protected rights." (Emphasis in the original order.) His new submissions did not do that – they did not describe any specific events, or any specific acts or omissions by the individual Defendants.

2

The Court's prior order expressly warned Plaintiff that this action would be subject to dismissal if he did not meet the pleading requirements prescribed in the Order. Plaintiff has now had more than ample opportunity to plead an actionable claim for relief, but he still has not done so. Therefore, the Court now recommends, once again, that this action be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). Concomitantly, the Court will also recommend, (once again), that Plaintiff's pending IFP application be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 30, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 13, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may

respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.